IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIJA WILLIAM WALLACE, SPN #00660014, <br><br>*Plaintiff,* <br><br>v. <br><br> J. ELIZONDO, *et al.*, <br><br> *Defendants.* | Civil Action No. H-19-2093 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Houston Police Department ("HPD") Officer J. Elizondo, Harris County District Attorney Kim Ogg, and Harris County state district judge Nikita V. Harmon for alleged violations of his constitutional rights. He seeks monetary damages.

Having screened the complaint as required by section 1915, the Court dismisses this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff is in custody of the Harris County Sheriff's Office awaiting trial on felony charges for D.W.I. (third offense), aggravated assault against a public servant, and evading arrest/detention with a motor vehicle. His claims in this lawsuit, however, arise from his earlier D.W.I. arrest in January 2017 by defendant HPD Officer J. Elizondo. According to plaintiff, the arrest was a false arrest because Officer J. Elizondo had no evidence of his

intoxication. He states that the charges were dismissed by the Harris County District Attorney's Office in January 2019.

Plaintiff seeks $2.5 million in monetary compensation for the alleged denials of his constitutional rights and his unlawful two-year detention during pendency of the charges.

## II. ANALYSIS

A.  Section 1915

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When reviewing a *pro se* plaintiff's complaint, a court must construe the allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).

B.  <u>Judicial Immunity</u>

Plaintiff's claims for monetary damages against state district judge Nikita V. Harmon are barred by judicial immunity. *See, e.g., Herring v. Mayfield*, 51 F.3d 1043 (5th Cir. 1995) ("Herring's allegations against Judge Mayfield are based upon Judge Mayfield's actions in conducting a bond hearing and setting the amount of the bond, which is within the scope of her jurisdiction, thus affording her absolute judicial immunity."). In presiding over plaintiff's criminal prosecution, the state district judge was taking judicial actions within the scope of her authority, and plaintiff does not allege that she acted in complete absence of jurisdiction. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). No viable claim is raised.

Plaintiff's claims against state district judge Nikita V. Harmon are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

C.  <u>Prosecutorial Immunity</u>

Plaintiffs' claims against Harris County District Attorney Kim Ogg are barred by prosecutorial immunity. Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Initiating and prosecuting criminal charges generally fall within the scope of a prosecutor's normal activities, and plaintiff pleads no factual allegations supporting any viable argument that she was acting outside her scope of authority.

Plaintiffs' claims against Harris County District Attorney Kim Ogg are **DISMISSED WITHOUT PREJUDICE** as barred by prosecutorial immunity.

D.   HPD Officer J. Elizondo

Plaintiff sues Officer J. Elizondo in his official capacity, and alleges that he is employed by the HPD. A suit against a municipal employee in his or her official capacity is a suit against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Consequently, plaintiff's claims against Officer J. Elizondo in his official capacity are claims against the City of Houston.

A municipality such as the City of Houston may be liable under section 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). It is well settled that a municipality cannot be liable under a theory of *respondeat superior* for the actions of its employees. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Monell*, 436 U.S. at 694; *see also Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010).

To establish municipal liability in this case, plaintiff must plead "facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas*, 825 F.3d 280 (5th Cir. 2016). Plaintiff pleads no such factual allegations, and no viable claim is raised against Officer J. Elizondo in his official capacity for purposes of section 1983.

Plaintiff's claims against HPD Officer J. Elizondo in his official capacity are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief.[1]

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief under section 1983. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas on the 24th day of June, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Harris County public online court records show that the Harris County District Attorney's Office moved to dismiss plaintiff's 2017 D.W.I. charge on February 26, 2019, on grounds that, "Probable cause exists, but case cannot be proven beyond a reasonable doubt at this time." *State v. Wallace*, case number 1538355 in the 176th Judicial District Court of Harris County, Texas. The state district court granted the motion and dismissed the case that same day.